UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIS ISOM,

        Plaintiff,                 CIVIL ACTION NO. 10-10241

v.                               DISTRICT JUDGE DAVID M. LAWSON
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

                                \*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income benefits on January 25, 2006, alleging that he had become disabled and unable to work on September 17, 2003[1], at age 30, due to back pain. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on September 3, 2008, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work that provided a sit-stand option and did not require any kneeling, crouching, crawling, climbing of steps or overhead work. The ALJ concluded that the claimant should avoid hazards and vibrations. The Law Judge also determined that Plaintiff was limited to non-driving jobs that did not require operating foot or leg controls. The Appeals Council

---

[1]Plaintiff later amended his alleged onset date to June 1, 2004 (TR 185).

declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 35 years old at the time of the administrative hearing (TR 189). He had been graduated from high school, and had been employed during the relevant past as a warehouse worker, machine operator and furniture mover (TR 47-38, 61-63). Each of these jobs required the claimant to do a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 100 pounds on a regular basis (TR 61-64).

Claimant stopped working in September 2003, after injuring his back and left shoulder (TR 141). Plaintiff testified that he remained disabled due to severe back pain (TR 191). Pain medications proved ineffective (TR 196). Claimant estimated that he could stand for 30 minutes, sit for 30 minutes, walk only short distances, and lift possibly 10 pounds (TR 191-192). He had trouble grasping objects, reaching overhead and bending over (TR 192). Plaintiff allegedly was unable to climb stairs (TR 192). He was able to help his wife with the household chores (TR 193). In order to get pain relief, the claimant said that he had to lie down for several hours a day (TR 198). He went to church regularly. Plaintiff was able to drive from Michigan to Indiana to visit his mother (TR 193-194).

A Vocational Expert, Michelle Robb, classified Plaintiff's past work as medium to heavy, unskilled activity (TR 201). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 204). If he were capable of light work,

---

[2] The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 204).

however, there were numerous unskilled cashier, bench assembly, packaging and information clerk jobs that he could perform with minimal vocational adjustment (TR 202). These simple, routine jobs did not involve any kneeling, crouching, crawling, climbing of stairs or overhead work. They did not expose the claimant to hazards or vibrations (TR 201). Plaintiff could change positions as needed, and there would be no pushing or pulling of more than five pounds (TR 201).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc and joint disease, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain limited him to jobs that allowed a sit-stand option with no pushing or pulling of more than five pounds. The Law Judge found that Plaintiff could not repetitively perform any kneeling, crouching, crawling, climbing or overhead work. The ALJ also concluded that the claimant should not be exposed to hazards or vibrations. He could not operate machinery with foot or leg controls. Nevertheless, she found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling back pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Dr. Daniel Bonbrisco, a treating source, reported on January 4, 2004, that Plaintiff was neurologically intact (TR 137). There was no evidence of lumbosacral radiculopathy (TR 136). Following an examination in October 2006, claimant reportedly had a normal gait and muscle strength. Spinal alignment and symmetry were within normal limits with no

defects, tenderness or masses (TR 98). An MRI of the back, performed in January 2007, showed no signs of spinal stenosis or neural foraminal narrowing (TR 99).

Dr. Gregory Hackel, a consultative physician who examined Plaintiff in August 2006, confirmed that Plaintiff did not suffer from any neurological deficits. Muscle strength and tone were normal and sensation was intact (TR 154). Dr. Neil Friedman, another consultative examiner, evaluated claimant in November 2008. Plaintiff's treatment records did not indicate any "significant pathologic process affecting the neuro-musculoskeletal system." (TR 159). Dr. Friedman opined that the claimant could return to full time work without restriction (TR 158).

Plaintiff testified that he was able to drive to Indiana regularly to visit his mother and to attend a class reunion. Plaintiff played an active role in his church, helped his wife perform household chores, and accompanied her to the grocery store (TR 193, 195). Claimant testified the he usually worked at least one day a week answering the telephone for a mortgage company (TR 189). Even though claimant's earnings after June 2004, were not substantial gainful activity, the ALJ reasonably concluded that Plaintiff's daily routine reflected an ability to perform a restricted range of light work accommodating his known functional limitations.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[3], who concluded that the claimant could perform a restricted range of light work, despite his back pain (TR 144-145). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

subjective complaints of persistent, severe, totally disabling symptoms stemming from his back pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day. Claimant acknowledged that he did not take any prescription medications to help relieve his pain (TR 157). There was no indication in the medical record that pain medications caused any side-effects. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to jobs that allowed a sit-stand option with no pushing or pulling of more than five pounds. The Law Judge found that Plaintiff could not repetitively perform any kneeling, crouching, crawling, climbing or overhead work. She also concluded that the claimant should not be exposed to hazards or vibrations. He was also restricted from jobs requiring him to operate foot or leg controls.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational

qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled cashier, bench assembly, packaging and information clerk jobs that he could perform with minimal vocational adjustment (TR 202). These routine jobs did not involve any kneeling, crouching, crawling, climbing of stairs or overhead work. They did not expose the claimant to hazards or vibrations (TR 201). Plaintiff could change positions as needed, and there would be no pushing or pulling of more than five pounds (TR 201). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                                <u>s/Donald A. Scheer</u>
                                                                                DONALD A. SCHEER
                                                                                UNITED STATES MAGISTRATE JUDGE

DATED: September 15, 2010

---

### CERTIFICATE OF SERVICE

I hereby certify on September 15, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 15, 2010: **None.**

                                                                           <u>s/Michael E. Lang</u>
                                                                           Deputy Clerk to
                                                                           Magistrate Judge Donald A. Scheer
                                                                           (313) 234-5217